CHARLES BAUMGARTEN, PLAINTIFF-APPELLANT, v. THE FIRST NATIONAL BANK OF JERSEY CITY, DEFEND-ANT-RESPONDENT.

Argued May 26, 1936—Decided October 2, 1936.

For the appellant, *Harry H. Weinberger* (*Hyman Halpern*, on the brief; *Minturn & Weinberger*, attorney of record).

For the respondent, *Henry Milberg, Benjamin E. Gordon* (*Milberg & Milberg*, attorneys of record).

PER CURIAM.

This controversy arises out of a check for $10,000 dated March 18th, 1930, drawn by the appellant, as maker, on the respondent, payable to the order of Lewis Max and Sons. The check was endorsed exactly as drawn, "Lewis Max & Sons," and further "Lewis Max and Sons Realty Co., Harry Max, Treasurer," and was deposited by the last endorser in its bank account in the Trust Company of New Jersey and collected by it from the respondent bank.

Appellant admits he permitted the check to be drawn to the order of Lewis Max and Sons; that it was deposited the same day, paid by the respondent the following day and returned by it to him with other canceled vouchers about April 1st, 1930; that since then he never examined the endorsement and never made any claim against the respond-

ent for unauthorized payment for lack of authority or improper endorsement until five years thereafter; that he made repeated demands upon the Maxes, that he received a note from them for the item, received from them interest payments thereon and brought suit against them in which he obtained judgment against them.

The cause was submitted to the jury which body found in favor of the respondent.

We are asked to reverse the judgment entered on such verdict upon several grounds argued under three points: 1. In view of the evidence the court improperly and illegally charged the jury on the question of estoppel. 2. In view of the evidence the court improperly and illegally charged the jury on the question of ratification. 3. In view of the evidence, the court improperly and illegally charged the jury on the question of authorization.

We have considered the proofs and examined the charge of the trial court in the direction to which attention has been called and we find nothing of substance in such objections.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WOLFS-KEIL, RAFFFERTY, JJ. 11.

*For reversal*—None.